Gvn

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

2008 MAY 19 AM 10: 20

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | '08 MJ 1561 |
| | ) | Magistrate Case No.______ WMc |
| Plaintiff, | ) | COMPLAINT FOR VIOLATION OF |
| | ) | Title 8, U.S.C., § 1326 |
| v. | ) | Attempted Entry After |
| | ) | Deportation |
| **Maximiliano POLVOS-Martinez** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The undersigned complainant being duly sworn states:

That on or about **May 18, 2008,** within the Southern District of California, defendant **Maximiliano POLVOS-Martinez**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **Otay Mesa Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Claudia Rios

SIGNATURE OF COMPLAINANT
Claudia Rios, United States Customs and
Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS **19th** DAY OF **May**, 2008.

UNITED STATES MAGISTRATE JUDGE

G-Jm

# PROBABLE CAUSE STATEMENT

On May 18, 2008 at approximately 11:25 AM, **Maximiliano POLVOS-Martinez,** the Defendant, applied for admission to the United States at the **Otay Mesa Port of Entry,** pedestrian primary lanes. Defendant presented his lawfully issued Resident Alien Card (A#37 327 486) to a CBP Officer. Defendant told the CBP Officer that he was on his way to Washington State. The CBP Officer conducted a computer query in the Integrated Border Inspection System (IBIS) revealing information that Defendant was previously deported. The CBP Officer then referred Defendant to the Otay Mesa Port Enforcement Team for further inspection.

During secondary inspection, a CBP Officer queried Defendants' fingerprints in the Integrated Automated Fingerprint Identification System (IAFIS) and Automated Biometric Identification System (IDENT) reflecting Defendant was a citizen of Mexico, having been previously deported.

Immigration records also indicate that Defendant is a citizen of Mexico, without any rights or entitlements to either; enter, pass through, or reside in the United States.

During a videotaped interview, Defendant was advised of his Miranda rights in the Spanish language and elected to answer questions without the benefit of an attorney present. Defendant gave the following statement:

Defendant initially stated that he had never been deported by an Immigration Judge. Defendant later recanted his earlier statement and admitted the following. Defendant stated that he is a Citizen of Mexico by birth in Aguilia, Michoacan, Mexico and that he had been deported from the United States. Defendant further stated that he was on his way to his home in Washington State. Defendant stated that he presented his Resident Alien Card.

Further queries in the Immigration Central Index System (CIS) and the Deportable Alien Control System (DACS) confirmed that Defendant was found to be deportable by an Immigration Judge on April 25, 1988 and was last physically removed to Mexico through the Otay Mesa Port of Entry on February 27, 1993. Immigration records indicate the Defendant has neither applied for nor received permission to legally reenter the United States from the United States Attorney General or the Secretary of Homeland Security.